# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MORGAN SOLIS, INDIVIDUALLY AND AS NEXT FRIEND OF B.S., A MINOR, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:19-CV-00236-JRG |
| MATTHEW THOMAS RICKMAN, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Morgan Solis's Motion to Remand (the "Motion"). (Dkt. No. 6.) Having considered the Motion and for the reasons set forth herein, the Court is of the opinion that the Motion should be and hereby is **GRANTED**.

### I. Factual Background

Ms. Solis, individually and as next friend of B.S., a minor, brought suit against Defendant Matthew Rickman in Harrison County District Court alleging negligence causing personal injury to both Ms. Solis and B.S. stemming from an auto accident. (Dkt. No. 3.) In her state court petition, Ms. Solis alleged that she sought, on behalf of both herself and B.S., "only monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." (*Id.* ¶ 6.) The petition also alleges that Ms. Solis is a resident of Texas, while Mr. Rickman is a resident of Wisconsin. (*Id.* ¶¶ 2–3.) Mr. Rickman removed the state court action to this Court. (Dkt. No. 1.) Ms. Solis subsequently filed the instant Motion to Remand, arguing that Mr. Rickman had failed to prove an amount-in-controversy in excess of the jurisdictional amount. (Dkt. No. 6 at 2.)

## II. Legal Standard

28 U.S.C. § 1441(a) allows for the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." When questions of federal jurisdiction arise, a federal court must presume that a suit falls outside its jurisdiction because the jurisdiction of federal courts is limited. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, in an action that has been removed from state court, the removing party bears the burden of establishing federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). As diversity of citizenship is not disputed, the Court focuses on the amount in controversy. The amount in controversy is determined at the time of removal. *Gebbia v. Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In determining whether the amount in controversy requirement is satisfied, the Court looks first to whether the plaintiff alleges a specific amount of damages in the petition. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Where the plaintiff's state court petition demands monetary relief of a stated sum, that sum, if asserted in good faith, is deemed to be the amount in controversy. *Dart Cherokee Basin Operating Co., v. Owens*, 135 S. Ct. 547, 551 (2014). Where, on the other hand, the plaintiff does not allege a particular sum in damages, the removing party must make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 553-54. If the plaintiff contests the allegation, then the removing party must prove by a preponderance of the evidence that the amount of the claim will exceed the amount in controversy jurisdictional minimum. *Id.* at 554. The

removing party's burden "is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth summary judgment type evidence of the facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal quotation marks omitted).

### III. Discussion

As an initial matter, the Court notes that Ms. Solis's allegation of "monetary relief of $100,000.00 or less," which was pled to satisfy the requirements of Texas Rule of Civil Procedure 47, does not "allege a specific amount of damages." *White*, 319 F.3d at 675; Tex. R. Civ. P. 47(c)(1). "Texas Rule of Civil Procedure 47 requires plaintiffs to select one of five prescribed claims for relief, and does not represent a request for a specific dollar amount of damages." *Wilson v. Allstate Ins. Co.*, No. 4:16-cv-970-ALM-CAN, 2017 WL 1097213, at *3 (E.D. Tex. Mar. 3, 2017).

In light of this, and because Ms. Solis disputes Mr. Rickman's allegation that the amount in controversy exceeds $75,000 for either herself or B.S., Mr. Rickman must prove by a preponderance of the evidence that the claims will exceed the jurisdictional minimum by either (1) establish that it is apparent from the face of the petition that the same is likely or (2) establish the same by summary judgment type evidence. Mr. Rickman does not attempt to establish the latter. The Court finds that he has also failed to establish the former.

Mr. Rickman cites several Fifth Circuit cases in support of his argument that the types of injuries alleged by Ms. Solis make it likely that the amount in controversy will exceed the jurisdictional amount. *White*, 319 F.3d at 676; *Gebbia v. Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). However, the Court finds these cases distinguishable; in each case, the state court plaintiff failed to allege *any*

3

amount of monetary relief. *White*, 319 F.3d at 675 ("White never specified the total amount of monetary relief she was seeking"); *Gebbia*, 223 F.3d at 882 (noting that "plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages"); *Luckett*, 171 F.3d at 298 (same).

By contrast, Ms. Solis has alleged that the combined claims of herself and B.S. do not exceed $100,000. Given this limitation, it is unlikely, as a purely mathematical consideration, that any one individual's claim would exceed $75,000. While Mr. Rickman points to the types of injuries claimed by Ms. Solis and B.S., Mr. Rickman has offered no evidence or argument that any one individual's injuries and other damages so vastly exceed the other's that they will account for more than 75% of the total amount of damages claimed. Accordingly, the Court cannot conclude by a preponderance of the evidence that "it is apparent from the face of the petition that the claims [of any individual] are likely to exceed $75,000." *Manguno*, 276 F.3d at 723.

Mr. Rickman's argument that the Court can exercise supplemental jurisdiction over one individual's claims that relate to another individual's claims fails for similar reason. "[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005). However, as already discussed, Mr. Rickman has not shown a likelihood that either Ms. Solis or B.S.'s claims "satisfies the amount-in-controversy requirement." *Id.* Therefore, the Court cannot exercise supplemental jurisdiction over the other's claims.

Finally, Mr. Rickman's argument that Ms. Solis and B.S.'s claims can be aggregated to meet the jurisdictional limit fails as a matter of law. "Two or more plaintiffs injured in the same

4

automobile accident have separate and distinct causes of action; even though they join their causes of action in a single suit, they cannot aggregate their claims to achieve the requisite jurisdictional amount." *Eagle Star Inc. Co. v. Maltes*, 313 F.2d 778, 780 n. 3 (5th Cir. 1963). "When a [parent] sues on his [or her] own behalf and in behalf of his [or her] minor child each claim, the claim of the [parent] and the claim of the child, must satisfy the requirement of jurisdictional amount." *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63, 65 (5th Cir. 1959).

The Court concludes, absent a showing that any one individual's claims exceeds the jurisdictional minimum, that this Court lacks original jurisdiction over this action. Therefore, the Court finds that remand to Harrison County District Court is required under 28 U.S.C. § 1447(c).

### IV. Conclusion

For the reasons set forth herein, the Court finds that the Motion to Remand (Dkt. No. 6) should be and hereby is **GRANTED**. However, Ms. Solis's accompanying request for attorney's fees is **DENIED**. It is **ORDERED** that the scheduling conference set in the above-captioned case is **STRICKEN** and the case is **REMANDED** to the 71st Judicial District Court in Harrison County, Texas.

**So ORDERED and SIGNED this 10th day of October, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE